Harper, J.
delivered the opinion of the Court.
Treville, for the motion.
Dawson, contra.
If the case were, that the plaintiff had purchased the defendant's interest in the land, and defendant’s children were in possession along with him, I should think the motion ought to have been granted. By his purchase, plaintiff became tenant in common with the children, and one tenant has no right, by action, to dispossess the rest. If his action were defeated, it would be by his own fault, who had misconceived it. So if defendant were in possession, as natural guardian of his children. . The presiding judge, however, reports that “ the defendant was in possession, by virtue of his own interest, whatever that may be, and not as trustee for the infants.” By this we are bound. One tenant in common may maintain an action against a stranger, and recover the entire possession; and defendant, after his interest was divested by the sheriff’s sale, was a stranger to the title. The motion is therefore refused.

O’Neall, J. concurred.

Johnjson, J. absent.